**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

**LUKASZ ADAMCZYK,**

**Plaintiff,** **2:26-cv-04325**

**-against-** **COMPLAINT**

**NELNET SERVICING, LLC,**
**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC., and**
**TRANSUNION LLC,**

**Defendants.**

-------------------------------------------------------x

Plaintiff LUKASZ ADAMCZYK ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendants Nelnet Servicing, LLC ("Nelnet"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion LLC ("TransUnion"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant Nelnet Servicing, LLC ("Nelnet") for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), by failing to conduct reasonable investigations of Plaintiff's disputes regarding inaccurate information on his credit reports. Specifically, notwithstanding its own written confirmation that Plaintiff's four federal student loan accounts had been placed into deferment, Nelnet continued, across multiple investigations, to verify to the nationwide consumer reporting agencies that those same four accounts were properly reported as ninety days past due.

2. Plaintiff brings this action against Defendants Equifax, Experian, and TransUnion, the three major national consumer reporting agencies, for violating the FCRA, 15 U.S.C. § 1681 *et seq*., and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq*., by failing to conduct reasonable reinvestigations after Plaintiff disputed the same inaccurate delinquency notations. Defendants Equifax, Experian, and TransUnion each verified the inaccurate information as accurate notwithstanding the documentation Plaintiff provided showing that his accounts were in deferment.

3. Plaintiff further alleges that as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the erroneous delinquency information wrongfully listed on Plaintiff's consumer reports caused him to suffer actual damages including, but not limited to, adverse impact on Plaintiff's credit rating and credit score, denial of credit, expenditure of time and resources, and emotional distress.

4. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq*., and the NY FCRA, N.Y. GBL § 380 *et seq*.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

6. This Court has supplemental jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1367(a).

7. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff, a natural person, is a resident of the State of New York, and Suffolk County, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. *See* 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

9. Defendant Nelnet Servicing, LLC is a Nebraska limited liability company, duly authorized and qualified to do business in the State of New York. Nelnet services federal student loans on behalf of the U.S. Department of Education and qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

10. Defendant Equifax Information Services, LLC is a Georgia limited liability company, duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. *See* 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

11. Defendant Experian Information Solutions, Inc. is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. *See* 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

12. Defendant Trans Union, LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois, duly authorized and qualified to do business in the State of New York. TransUnion qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. *See* 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

## FACTUAL BACKGROUND

13. Plaintiff is the borrower on four federal student loan accounts serviced by Nelnet on behalf of the U.S. Department of Education.

14. On or about August 8, 2025, Plaintiff submitted documentation to Nelnet in support of his request that all four accounts be placed into deferment.

15. Nelnet granted the requests and provided Plaintiff written proof confirming that all four accounts had been approved for deferment from August 2025 through July 2026, with payments scheduled to resume in July of 2026.

16. Notwithstanding the forbearance approval, Nelnet reported each of Plaintiffs' accounts as 90 days late in December 2025 to each of the consumer reporting agencies Defendants.

17. Plaintiff repeatedly disputed the same delinquent notations directly with Equifax, Experian, and TransUnion, providing each with supporting documentation, including Nelnet's own deferment confirmations.

18. Upon receiving Plaintiff's disputes, Equifax, Experian, and TransUnion each forwarded the disputed information to Nelnet for verification.

19. Nelnet, in response, failed to review Plaintiff's supporting documents of its own forbearance approval or conduct any type of actual investigation of Plaintiff's dispute and instead verified to Equifax, Experian, and TransUnion that the disputed delinquency information was accurate, notwithstanding Nelnet's own records confirming that Plaintiff's accounts had been placed into deferment.

20. Rather than conducting their own independent and reasonable reinvestigations of the disputed information, including reviewing the deferment documentation Plaintiff had separately

provided directly to each of them, Equifax, Experian, and TransUnion simply accepted and re-reported Nelnet's verification as accurate.

21. On or about February 4, 2026, and February 6, 2026, respectively, TransUnion and Experian each completed reinvestigations of Plaintiff's disputes and reported back that all four accounts remained on his credit file showing a ninety-day delinquency for December of 2025, notwithstanding the deferment documentation Plaintiff had provided.

22. Plaintiff continued to pursue the disputes with Equifax, Experian, and TransUnion over the following months, including by mailing further correspondence and supporting documentation in March of 2026.

23. On or about May 20, 2026, Experian completed a further reinvestigation of Plaintiff's dispute, again reporting that all four accounts remained on Plaintiff's credit file showing the same ninety-day delinquency for December of 2025. On or about May 22, 2026, Equifax completed its reinvestigation of Plaintiff's dispute for the first time and likewise reported that all four accounts remained on the file.

24. As of the filing of this Complaint, Equifax, Experian, and TransUnion each continue to report Plaintiff's four Nelnet accounts as having been ninety days past due in December of 2025, notwithstanding Nelnet's own written confirmation, provided to each Defendant, that the accounts were in deferment.

25. As a direct and proximate result of Defendants' failure to correct this inaccurate reporting, Plaintiff's credit scores fell sharply within a matter of months, and Plaintiff was denied credit on multiple occasions between April and June 2026.

26. Plaintiff has suffered harm as a result of each Defendant's conduct, including credit denial, being offered credit on inferior terms and adverse impact on his credit rating and creditworthiness, expenditure of time and resources, and emotional distress.

## **FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA
Against All Defendants

27. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

28. Defendants Equifax, Experian, and TransUnion each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff, as that term is defined in the FCRA. *See* 15 U.S.C. § 1681a(d).

29. These reports erroneously included a ninety-day delinquency notation for December of 2025 on all four of Plaintiff's Nelnet accounts, notwithstanding that the accounts had been placed into deferment.

30. Defendants Equifax, Experian, and TransUnion willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of Plaintiff's disputes of the erroneous delinquency information associated with his Nelnet accounts.

31. Defendants Equifax, Experian, and TransUnion willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding his disputes, including Nelnet's own deferment confirmations.

32. Defendants Equifax, Experian, and TransUnion willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed

erroneous delinquency information associated with Plaintiff's Nelnet accounts after failing to verify the completeness and accuracy of that information.

33. After receiving notification of Plaintiff's disputes from Equifax, Experian, and TransUnion, Defendant Nelnet willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations of Plaintiff's disputes of the erroneous delinquency information associated with his accounts, and by failing to review all relevant information regarding those disputes.

34. Defendant Nelnet willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information, including its own records confirming that Plaintiff's accounts were in deferment, in conducting its investigations of the disputed accounts.

35. Accordingly, Defendants are liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **SECOND CAUSE OF ACTION**

VIOLATION OF THE NY FCRA

Against Defendants Equifax, Experian, and TransUnion only

36. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

37. Defendants Equifax, Experian, and TransUnion each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff, as that term is defined in the NY FCRA. *See* N.Y. GBL § 380-a(c)(1).

38. Such reports erroneously included a false and derogatory delinquency notation associated with Plaintiff's Nelnet accounts. Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380-j(a)(3).

39. Defendants Equifax, Experian, and TransUnion willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of Plaintiff's disputes of the erroneous delinquency information associated with his Nelnet accounts.

40. Defendants Equifax, Experian, and TransUnion willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding Plaintiff's Nelnet accounts from his file after failing to verify the completeness and accuracy of that information.

41. Defendants each published credit reports regarding Plaintiff containing the erroneous delinquency information associated with his Nelnet accounts, causing Plaintiff to suffer economic harm including, but not limited to, an adverse impact on Plaintiff's credit rating, denial of credit, expenditure of time and resources, and emotional distress.

42. Accordingly, Defendants are liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

43. Plaintiff is thus further entitled to an injunction requiring Defendants Equifax, Experian, and TransUnion to remove the erroneous delinquency information associated with Plaintiff's Nelnet accounts from his credit file, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and to prevent similar errors from occurring in the future.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award the following relief:

a. Actual damages in an amount to be determined at trial;

b. Statutory damages pursuant to 15 U.S.C. § 1681n;

c. Punitive damages pursuant to 15 U.S.C. § 1681n and N.Y. GBL § 380-l, in an amount to be determined at trial;

d. An injunction requiring Defendants Equifax, Experian, and TransUnion to remove the erroneous delinquency information associated with Plaintiff's Nelnet accounts from his credit file, and to implement policies and procedures designed to ensure future compliance with the NY FCRA;

e. Plaintiff's reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. §§ 1681n and 1681o, and N.Y. GBL §§ 380-l and 380-m; and

f. Such other and further legal and equitable relief as this Court may deem just and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN**

Dated: July 19, 2026

Respectfully Submitted,

_______________________

Kevin C. Mallon
550 Kinderkamack Road, Suite 117
Oradell, NJ 07649
(917) 734-6815
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*